```
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
GPARLIMAN@DAYPITNEY.COM
```

**ATTORNEYS FOR** Defendant
Valley National Bancorp

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PATIENT CARE ASSOCIATES, LLC. a/s/o M.B., G.D., W.B., and E.S., | : : : | Civil Action No. 2:13-cv-01416(SDW)(MCA) |
| Plaintiff, | : | **ANSWER** |
| v. | : | <u>**DOCUMENT FILED ELECTRONICALLY**</u> |
| VALLEY NATIONAL BANCORP; ABC CORP. (1-10). | : : | |
| Defendant(s). | : | |

Defendant Valley National Bancorp ("VNB") provides this Answer to the Complaint of plaintiff Patient Care Associates, LLC ("Patient Care").

84670287.2

**THE PARTIES**

1. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except to admit that at all relevant times plaintiff was an out-of-network medical provider under the terms of the group health plan.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint, except to state that Michael Braun is the son of VNB group health plan member Jill Braun.

6. Defendant lacks sufficient knowledge and information to form a reasonable belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except to state that Gloria Dataram was a member of the VNB group health plan.

7. Defendant lacks sufficient knowledge and information to form a reasonable belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except to state that William Braun is the son of VNB group health plan member Jill Braun.

8. Defendant lacks sufficient knowledge and information to form a reasonable belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except to state that Elias Sawaf was the spouse of VNB group health plan member Salwa Sawaf.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint, except to admit that VNB has seen copies of assignment of benefit forms bearing the signatures of Michael Braun, William Braun, and Elias Sawaf.

**SUBSTANTIVE ALLEGATIONS**

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, except to state that VNB is the sponsor of a group health plan, which provides certain out of the network benefits to its members and dependants.

11. Defendant lacks sufficient knowledge and information to form a reasonable belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except to admit that plaintiff submitted a bill in the amount of $14,845.00 for medical services rendered on

October 20, 2010 to Michael Braun and VNB issued a payment of $4,555.08 on November 23, 2010.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, except to admit that plaintiff submitted a bill in the amount of $25,143.00 for medical services rendered on December 15, 2011 to Gloria Dataram and VNB issued a payment of $5,818.40 on January 16, 2012.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except to admit that plaintiff submitted a bill in the amount of $12,941.00 for medical services rendered on November 24, 2010 to William Braun and VNB issued a payment of $3,343.46 on December 30, 2010.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except to admit that plaintiff submitted a bill in the amount of $45,209.00 for medical services rendered on June 24, 2011 to Elias Sawaf and VNB issued a payment of $8,687.25 on August 2, 2011.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

## FIRST COUNT
### (Violation of ERISA)

22. As to Defendant's answer to paragraph 22, it repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-21 hereinabove as though fully set forth.

23. Paragraph 23 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except to state that Aetna Life Insurance Company is the third party administrator.

25. Paragraph 25 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 states a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to form a reasonable belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except to admit that defendant has seen copies of assignment of benefit agreements bearing the signatures of Michael Braun, William Braun, and Elias Sawaf.

29. Paragraph 29 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Paragraph 30 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the First Count of the Complaint.

## SECOND COUNT
### (ERISA – Breach of Fiduciary Duty)

36. As Defendant's answer to paragraph 36, defendant repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-35 hereinabove as though fully set forth.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 states a legal conclusion to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Second Count of the Complaint.

### THIRD COUNT
### (Negligent Misrepresentation)

43. As Defendant's answer to paragraph 43, it repeats, re-alleges, and incorporates by reference its answers to each and every allegation contained in paragraphs 1-42 hereinabove as though fully set forth.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Third Count of the Complaint.

### FOURTH COUNT

48. As Defendant's answer to paragraph 48, it repeats, re-alleges, and incorporates by reference its answers to each and

every allegation contained in paragraphs 1-47 hereinabove as though fully set forth.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint, and further denies that plaintiff is entitled to any of the relief requested in the Wherefore clause of the Fourth Count of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of estoppel, laches, waiver, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

To the extent plaintiff purports to assert a claim or claims predicated upon state or common law, such claim or claims are preempted by Employee Retirement Income Security Act of 1974 ("ERISA").

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff had no basis to rely on any representations of VNB or its group health care plan.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the payment sought in the Complaint pursuant to the terms of the Plan.

### SIXTH AFFIRMATIVE DEFENSE

Defendant complied with its obligations under the terms of the group health plan and applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or Michael Braun, Gloria Dataram, William Braun, Elias Sawaf failed to exhaust its administrative remedies pursuant to the terms of the group health plan and as such the claims in this lawsuit are barred.

### EIGHTH AFFIRMATIVE DEFENSE

On the facts alleged and applicable law, plaintiff is not entitled to recover damages, costs of suit and filing fees associated with this action.

### NINTH AFFIRMATIVE DEFENSE

Any loss sustained by plaintiff was due to the actions of plaintiff, Michael Braun, Gloria Dataram, William Braun, Elias Sawaf, or some other third party over whom the defendant exercised no control.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue VNB.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant has no legal duty to plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to join a necessary party to this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court may not have subject matter jurisdiction over all or a portion of plaintiff's claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of set-off.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the express terms of the group health plan.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on some or all of its claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Attorneys' fees are not available for some or all of plaintiff's claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim seeks benefits that are not eligible for coverage according to the terms of the applicable health plan.

### TWENTIETH AFFIRMATIVE DEFENSE

The reviews of plaintiff's claims were full and fair, and its determinations were neither arbitrary or capricious nor an abuse of discretion.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The complaint may be barred by the applicable statute of limitations.

WHEREFORE, defendant Valley National Bancorp demands judgment in its favor and against plaintiff Patient Care Associates, LLC, dismissing the Complaint with prejudice, together with costs, attorney's fees and such other and further relief as this Court may deem just and appropriate.

                                        DAY PITNEY LLP
                                      Attorneys for Defendant
                                      Valley National Bancorp

                                      By: /s/ Gregory C. Parliman
                                            Gregory C. Parliman
                                            A Member of the Firm

DATED: March 29, 2013.

**CERTIFICATION PURSUANT TO *L. CIV. R.* 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

DAY PITNEY LLP
Attorneys for Defendant
Valley National Bancorp


By: /s/ Gregory C. Parliman
    Gregory C. Parliman
    A Member of the Firm

DATED: March 29, 2013.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the within Answer was electronically filed and served via first class mail, postage prepaid, upon counsel for plaintiff at the following address:

>Andrew Bronsnick, Esq
>Massood & Bronsnick, LLC
>Wayne, New Jersey 07170-6663

>/s/ Kevin J. Skelly
>KEVIN J. SKELLY

DATED: March 29, 2013.